J-S56011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS E. SHAWLEY | |
| Appellant | No. 54 MDA 2014 |

Appeal from the Judgment of Sentence December 2, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-SA-0000079-2013
CP-14-SA-0000080-2013
CP-14-SA-0000081-2013
CP-14-SA-0000082-2013
CP-14-SA-0000083-2013
CP-14-SA-0000084-2013
CP-14-SA-0000085-2013
CP-14-SA-0000086-2013
CP-14-SA-0000087-2013
CP-14-SA-0000088-2013
CP-14-SA-0000089-2013
CP-14-SA-0000090-2013
CP-14-SA-0000091-2013
CP-14-SA-0000092-2013
CP-14-SA-0000093-2013
CP-14-SA-0000094-2013
CP-14-SA-0000095-2013
CP-14-SA-0000096-2013
CP-14-SA-0000097-2013
CP-14-SA-0000098-2013
CP-14-SA-0000099-2013
CP-14-SA-0000100-2013
CP-14-SA-0000101-2013
CP-14-SA-0000102-2013
CP-14-SA-0000103-2013
CP-14-SA-0000104-2013
CP-14-SA-0000105-2013
CP-14-SA-0000106-2013

J-S56011-14

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 10, 2014**

Appellant, Thomas E. Shawley, appeals from the judgment of sentence entered by the Honorable Jonathan D. Grine, Court of Common Pleas of Centre County. After careful review, we affirm.

After an investigation, the Commonwealth charged Shawley with 19 counts of cruelty to animals and 9 counts of failing to appropriately dispose of domestic animal carcasses arising from Shawley's ownership of a herd of cattle. The Commonwealth alleged that Shawley had failed to provide sufficient feed for the cattle and that they were severely malnourished.

The Commonwealth initiated proceedings against Shawley in the relevant Magisterial District Court, and a summary trial was held on July 15, 2013. Shawley did not appear at the summary trial, but contacted the court in the morning, complaining that he had only received notice of the trial that day. The Magisterial District Court convicted Shawley *in absentia*.

Shawley appealed his convictions to the Court of Common Pleas of Centre County, and a *de novo* trial was held on October 14, 2013. The trial court convicted Shawley on all 28 counts, imposed a sentence of incarceration of 360 days to 1,080 days, an additional 630 days of probation, as well as fines and restitution. This timely appeal followed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

On appeal, Shawley presents the following issues for our review:

A. Whether the trial court erred in finding that Thomas Shawley committed the summary offense of cruelty to animals when it did not make a finding that Shawley acted wantonly or cruelly, nor did sufficient evidence exist to find, beyond a reasonable doubt, that Shawley acted wantonly or cruelly toward the animals at issue?

B. Whether the trial court erred by refusing to grant Thomas Shawley's petition seeking remand to the magisterial district court?

C. Whether the trial court abused its discretion in sentencing Thomas Shawley to 360 to 1,080 days of incarceration, 630 days of probation consecutive to the period of incarceration and fines totaling $16,950 upon the first conviction for the summary offense of cruelty to animals?

Appellant's Brief, at 6.

In his first issue on appeal, Shawley argues that the evidence at trial was insufficient to support a finding that he had mistreated the cattle in a wanton or cruel manner.[1]  The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003).  The Commonwealth may sustain its burden of proving every element beyond a

---

[1] Relevant to this issue only, Shawley concedes that sufficient evidence was presented to convict him of failure to appropriately dispose of cattle carcasses.  *See* Appellant's Brief, at 18, n.2.

reasonable doubt by means of wholly circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *See id*. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 662 (citation omitted).

The statute pertaining to the crime of cruelty to animals provides as follows:

> **(c) Cruelty to animals.--**
> (1) A person commits an offense if he wantonly or cruelly illtreats, overloads, beats, otherwise abuses any animal, or neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter or veterinary care, or access to clean and sanitary shelter which will protect the animal against inclement weather and preserve the animal's body heat and keep it dry.

18 PA.CONS.STAT.ANN. § 5511(c)(1). "As any fair reading of the cruelty to animals statute makes plain, the culpability required of an offender is not wanton **and** cruel, but wanton **or** cruel." *Commonwealth v. Tomey*, 884 A.2d 291, 294 (Pa. Super. 2005) (emphasis in original). This Court has

- 4 -

previously approved of the following definition of "wanton" in applying the animal cruelty statute:

> Wanton misconduct means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to the consequences.

*Id*., at 295 (citation omitted).

In the present case, the Commonwealth presented, *inter alia*, the testimony of Jennifer Johnson, an animal health inspector, and Dr. Lisa Germanis, a forensic veterinarian. At trial, Johnson testified that the food provided to the herd of cattle was insufficient for a winter season. *See* N.T., Trial, 10/14/13, at 20. She stated that when she inspected the herd, the cattle were "starving to the point where they pretty much were unable to move around to get food and water." *Id*., at 21.

Dr. Germanis testified regarding a gravimetric analysis performed on bone marrow samples taken from dead cows found with the herd. Dr. Germanis opined that a healthy cow will yield results of greater than 80% fat in its bone marrow. *See id*., at 55. She further noted that animals with less than 20% fat in their marrow are considered starving. *See id*. Dr. Germanis reported that the gravimetric analysis performed on Shawley's cattle yielded a result of 2.8% fat. *See id*., at 56.

The Commonwealth also presented the testimony of Nicole Wilson, a Humane Society Police Officer.[2] Officer Wilson testified that the cattle appeared "shrunken in their hip areas where you could see their hip bone protruding[,]" and that she could see their rib bones through their hide. *See id*., at 73. She opined that her observations were consistent with cows that were receiving insufficient sustenance. *See id*. Officer Wilson testified that she approached Shawley about the condition of his herd, and that he acknowledged that he wasn't doing what he needed to do to take care of the cattle and that he had not been providing appropriate care for a long time. *See id*., at 76-77.

Based upon the totality of this testimony, the trial court was entitled to infer that Shawley was aware that the herd was starving for an extended period of time and that he did not take reasonable measures to alleviate the issue. This inference is enough to sustain a finding that Shawley acted wantonly towards the care of the cattle. Shawley presents several arguments based on testimony provided by his own witnesses. However, these arguments ask us to weigh the evidence at trial, which is not appropriate under our standard of review for sufficiency of the evidence. Thus, Shawley's first argument on appeal merits no relief.

---

[2] HSPOs are empowered to enforce the provisions of 18 PA.CONS.STAT.ANN. § 5511 "Cruelty to Animals." *See* 22 PA.CONS.STAT.ANN. § 3708.

Next, Shawley contends that the trial court erred in failing to remand his case to the magisterial district court due to lack of notice of the original summary trial. Shawley provides a novel argument on this point, asserting that he was prejudiced by the Commonwealth's use of photographs and expert opinion without an opportunity to prepare for such evidence. Shawley contends that the initial trial before the magisterial district judge is the only form of discovery available to defendants in summary proceedings.

The Commonwealth counters by noting that Shawley was given a trial *de novo* at the Court of Common Pleas and therefore cannot identify any prejudice from the Magisterial District Judge's actions. Furthermore, the Commonwealth asserts that remand is not the remedy for the errors that Shawley asserts; trial *de novo* before the Court Common Pleas is. Thus, the Commonwealth contends, Shawley has already received the appropriate remedy to the alleged errors.

As noted by Shawley, the trial court concluded that the magisterial district judge violated Pa.R.Crim.P. Rule 455 when he convicted Shawley *in absentia*. However, upon review of the record, even assuming that Shawley's proposed remedy is appropriate, we conclude that he cannot establish that he had no reason to prepare for photographs or expert testimony at his trial *de novo*. Shawley was aware that bone marrow samples were sent away for gravimetric testing. **See** N.T., Trial, 10/14/13,

at 76.  This was sufficient notice to prepare for the presentation of expert testimony.

Similarly, given multiple visits by law enforcement officers to the herd, Shawley should have reasonably expected the presentation of photographic evidence.  Shawley does not identify any issues arising from the photographs that acted to unfairly prejudice him.  Accordingly, we conclude that Shawley's second issue on appeal merits no relief.

In his final issue on appeal, Shawley argues that the trial court abused its discretion in imposing sentence.  Shawley concedes that this is a challenge to the discretionary aspects of his sentence.  **See** Appellant's Brief, at 24.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute."  **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).  When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence.  **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005).  "Two requirements must be met before we will review this challenge on its merits."  **McAfee**, 849 A.2d at 274.  "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  **Id**.  "Second, the appellant must show

that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[3] *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Shawley has complied with the technical requirements for review by filing a post-sentence motion raising the issue and by including a Rule 2119(f) statement in his brief. In his Rule 2119(f) statement, Shawley claims that the sentencing court abused its discretion by imposing a sentence of "essentially 1 to 3 years in prison" for convictions that "'typically' carry no jail time." Appellant's Brief, at 24-25. Shawley

---

[3] Rule 2119 provides the following, in pertinent part:
> …
> **(f) Discretionary aspects of sentence**. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P., Rule 2119(f), 42 PA.CONS.STAT.ANN.

concedes that each individual sentence is within the guideline ranges and is lawful. *See id*., at 12.

Preliminarily, we note that a bald assertion that the sentence imposed by the trial court was excessive fails to raise a substantial question. *See Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa. Super. 2007) (noting that a bald claim of excessive sentence does not raise a substantial question). In addition, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations omitted). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. *See id*., at 171-172 (Pa. Super. 2010). Here, we conclude that the sentences at issue do not fall into the category of extreme circumstances, and therefore, Shawley has not raised a substantial question.

As we conclude that none of Shawley's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/10/2014</u>