J-S65007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR F. GUPTON | |
| Appellant | No. 2097 EDA 2013 |

Appeal from the Judgment of Sentence May 31, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): CP-51-CR-0004847-2012

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J. **FILED DECEMBER 15, 2014**

Appellant, Arthur F. Gupton, appeals from the judgment of sentence entered May 31, 2013, by the Honorable Diana Anhalt, Court of Common Pleas of Philadelphia County. Gupton challenges the discretionary aspects of his sentence. No relief is due.

On October 5, 2012, a jury convicted Gupton of Rape,[1] Kidnapping for Ransom,[2] Sexual Assault,[3] Carrying a Firearm Without a License,[4] Corruption of Minors,[5] and Indecent Assault.[6] On May 31, 2013, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 3121(1).
[2] 18 Pa.C.S.A. § 2901(a)(1).
[3] 18 Pa.C.S.A. § 3124.1.
[4] 18 Pa.C.S.A. § 6106(a).
[5] 18 Pa.C.S.A. § 6301(a)(1).
[6] 18 Pa.C.S.A. § 3126(a)(8).

classified Gupton as a sexually violent predator ("SVP") under the Registration of Sexual Offenders Act (commonly known as "Megan's Law"), 42 PA.CONS.STAT.ANN. §§ 9791-9799.7, and sentenced Gupton to an aggregate term of 23½ to 52 years' imprisonment.  Gupton filed a timely post-sentence motion challenging the weight of the evidence, which the trial court denied.  This timely appeal followed.

On appeal, Gupton raises the following issue for our review:

> Did not the lower court err and abuse its discretion by sentencing Mr. Gupton to an unreasonable sentence that was higher than the standard range of the Sentencing Guidelines, (even with application of the deadly weapon enhancement) without giving adequate reasons, on the basis of considerations, including the nature of his offense, his prior criminal history, and the use of a deadly weapon, that were already factored into the Sentencing Guidelines and did not the lower court further err by failing to give proper consideration of Mr. Gupton's personal needs and mitigating factors?

Appellant's Brief at 3.

Our standard when reviewing sentencing matters is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc) (citation omitted).

Gupton challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Gupton has failed to satisfy the procedural prerequisites for appellate review of his challenge to the discretionary aspects of his sentence. Although Gupton filed a timely notice of appeal and has included in his brief a Rule 2119(f) statement, he did not preserve his discretionary sentencing claim at sentencing or in a timely motion for reconsideration of sentence.[7]

---

[7] Gupton filed a timely post-sentence motion on June 10, 2013, in which he raised a single claim that "the verdict was against the weight of the evidence and the complainant's testimony was not credible." Post-Sentence Motion, 6/10/13 at ¶ 2. The trial court denied Gupton's motion without a hearing on June 25, 2013. Although the docketing statement indicates that Gupton

*(Footnote Continued Next Page)*

Consequently, we are constrained to find that Gupton has failed to invoke our jurisdiction over his challenge to the discretionary aspects of his sentence. *See Moury*; *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

*(Footnote Continued)* ————————

filed a second post-sentence motion on June 26, 2013, a copy of this motion is not contained in the certified record. Nonetheless, this motion, filed 26 days after the imposition of sentence, would be considered untimely. *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); *Commonwealth v. Wreck*, 931 A.2d 717, 719-720 (Pa. Super. 2007) (citation omitted) ("An untimely post-sentence motion does not preserve issues for appeal.").