J-S16006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT LEE DIXON | |
| Appellant | No. 1513 MDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001538-2011
CP-36-CR-0004119-2012

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 08, 2015**

Appellant, Albert Lee Dixon, appeals from the judgment of sentence imposed after the trial court revoked his participation in intermediate punishment and sentence of probation.  The only issue on appeal is whether the sentence imposed was excessive, considering Dixon's rehabilitative needs.  After careful review, we affirm.

In late 2012, Dixon entered two separate guilty pleas arising from distinct criminal charges.  Of relevance to this appeal, he first pled guilty to two counts of accidents involving death or injury, and was sentenced to an aggregate term of 5 years under county intermediate punishment.  In the relevant part of the second plea, Dixon pled guilty to one count of retail theft and received a sentence of 2 years' probation.

On April 24, 2014, Dixon was charged with missing a probation appointment, testing positive for drug use, and admitting to drug use. At the subsequent violation hearing, the trial court found Dixon in violation of the terms of the county intermediate punishment program as well as his probation, and revoked both. After the preparation of a pre-sentence investigation, the trial court sentenced Dixon to an aggregate term of incarceration of three and one half to seven years. After the trial court denied Dixon's post-sentence motion, this timely appeal followed.

On appeal, Dixon argues that the trial court failed to consider the necessary sentencing factors and that his sentence was excessive considering his need for drug and alcohol rehabilitation. Dixon concedes that this raises a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 11. Our review of revocation proceedings includes review of the discretionary aspects of the sentence imposed. *See* ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. ***See Commonwealth v.***

*Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005).  "Two requirements must be met before we will review this challenge on its merits."  *McAfee*, 849 A.2d at 274 (citation omitted).  "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code."  *Id*. (citation omitted).  That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process."  *Tirado*, 870 A.2d at 365 (citation omitted).  We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.  *See id*.  "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits."  *Id*. (citation omitted).

In the present case, Dixon's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.   Dixon argues in his Rule 2119(f) statement that the sentence imposed by the trial court was excessive, and that the trial court failed to consider his need for drug and alcohol rehabilitation, as required by 42 Pa.C.S.A. § 9721(b).  This

raises a substantial question for our review. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012).

Here, the trial court had the benefit of a pre-sentence investigation report ("PSI"), and we must presume that the trial court was aware of the information contained therein and appropriately weighed it. *See Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002). In fact, the trial court indicated its familiarity with the contents of the PSI during sentencing proceedings. *See* N.T., Sentencing, 8/12/14 at 6.

Dixon argues that the trial court indicated that it would impose a state prison sentence prior to hearing or considering his evidence and arguments at the sentencing proceedings. While this is technically true, Dixon does not identify any evidence that he presented at sentencing that was not contained in the PSI. Given that we are required to presume the trial court's familiarity with the contents of the PSI, and further, that the trial court in this case explicitly indicated its familiarity with the PSI, we conclude that the trial court considered Dixon's rehabilitative needs in imposing sentence. In addition, the trial court explicitly addressed Dixon's rehabilitative needs just prior to imposing sentence:

> You've had plenty of opportunities [to rehabilitate yourself through programs.] [Defense Counsel] is standing there this morning telling me this most recent stretch, the reason you didn't do it is because you didn't have the money. I don't know whether I believe that or not.
>
> But you know what? You've had so many opportunities, over the last 20 years, for the light bulb to go off; for somebody sitting in

- 4 -

my position to really believe the kinds of things that you're saying here today, but there comes a point where that just doesn't fly. And I don't know where that point is with you, other than it was sometime a long, long time ago. It's not today, Mr. Dixon.

Somebody who has been in court 32 times before today, such as you have, someone who, if I go back over your rap sheet, back to the early 1990s, there's almost not a single year since then where there's not a court appearance, a criminal court appearance for you, not hardly a single year where you don't show up in front of somebody like me.

The point was a long time ago for you, Mr. Dixon. You've lost – you've squandered the opportunities to get second chances. You're way beyond that now.

*Id.*, at 8. This passage indicates that the trial court considered the probability that Dixon could be successfully rehabilitated and determined that such probability was very low. We cannot conclude that this reasoning and determination constituted an abuse of the trial court's discretion. Dixon's sole issue on appeal therefore merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015

- 5 -