J-S64030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZEPPELIN JOSHUA ZEIGLER | |
| Appellant | No. 175 MDA 2015 |

Appeal from the Judgment of Sentence of December 24, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000769-2009

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                     **FILED NOVEMBER 19, 2015**

Zeppelin Zeigler appeals the December 24, 2014 judgment of sentence, which the trial court imposed following the revocation of his probation.  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows:

> On March 31, 2009, police were dispatched to the Village Park in Antes Fort, because someone was "doing donuts" (driving in circles) on the ball fields.  As police headed to the ball fields, they were advised by County Communications that the vehicle, a light-colored Ford Explorer, was now traveling on Front Street towards Route 44.
>
> The police came up behind the Ford Explorer on Route 44, and immediately observed signs that the driver may be driving under the influence of alcohol.  The vehicle was drifting over the double

---

[*]     Former Justice specially assigned to the Superior Court.

center-line and the white fog-line, and came close to striking the guiderail on at least one occasion.

When police activated their lights and sirens to conduct a traffic stop, it appeared that the driver of the vehicle was going to pull over and stop, but the driver suddenly pulled the vehicle back onto the roadway and sped away. A high-speed chase ensued on country roads, and then went "off road" onto farm roads and fields. While traveling on the farm fields, the driver turned the vehicle and drove towards the police vehicle. The police vehicle struck the passenger side of the Ford Explorer, but the driver continued his flight in the fields. To get the driver to stop, the police used the front of their vehicle to strike the rear of the Ford Explorer numerous times until the Ford Explorer spun to a stop.

Zeigler was the driver of the Ford Explorer. One of the police officers experienced pain in his back and neck. An ambulance was requested for the female passenger in Zeigler's vehicle who was also experiencing neck pain.

Zeigler was transported for chemical testing of his blood to the Jersey Shore Hospital emergency room, where he was loud, belligerent, and caused a disturbance.

Zeigler was charged with possession of drug paraphernalia, fleeing or attempting to elude a police officer, accidents involving death or personal injury, driving under the influence of alcohol ("DUI"), two counts of aggravated assault, three counts of recklessly endangering another person, disorderly conduct, criminal mischief,[1] and numerous other summary offenses.

On December 22, 2009, Zeigler pleaded guilty to count one, fleeing or attempting to elude a police officer, counts four and six, recklessly endangering another person, count nineteen, DUI, count eleven, criminal mischief, and count eighteen, driving while suspended. Zeigler was sentenced to an aggregate sentence of one year and thirty days to two years and six months' incarceration in a state correctional institution, followed by a five-year term of probation.

---

[1] 35 P.S. § 780-113(a)(32); 75 Pa.C.S. §§ 3733, 3742.1, 3802(a)(1); 18 Pa.C.S. §§ 2702, 2705, 5503, and 3304(a)(5), respectively.

Zeigler subsequently violated the conditions of his probation. On February 20, 2013, the trial court revoked Zeigler's probation on count one only, and re-sentenced him to one to two years' incarceration in a state correctional institution. Zeigler, however, sought reconsideration of this sentence. In his motion, he claimed that his employment, drug rehabilitation through AA/NA while incarcerated, and the birth of his child would prevent him from committing further offenses. Furthermore, he alleged that Lycoming County had alternative resources to treat his drug problems. Therefore, a state sentence, as opposed to a county sentence, was excessive. The trial court granted Zeigler's motion for reconsideration on March 18, 2013, and, on count one, sentenced Zeigler to a split sentence of incarceration of one year less one day to two years less one day in the Lycoming County Prison, and an additional two years' probation. Zeigler's other probation sentences continued to run consecutive to his sentence on count one, per the original sentencing order.

On December 24, 2014, the trial court, again, found that Zeigler violated the conditions of his probation by committing a new criminal offense and smoking "spice" (synthetic marijuana). The trial court re-sentenced Zeigler on count six, recklessly endangering another person, to one to two years' imprisonment in a state correctional institution.

Trial Court Opinion, 7/7/2015, at 1-3 (minor modifications for clarity).

On January 22, 2015, Zeigler timely filed a notice of appeal. On April 23, 2015, the trial court ordered Zeigler to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Zeigler timely complied. On July 7, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Zeigler presents one issue for our consideration: "Whether the [trial] court abused its discretion at [Zeigler's] probation revocation hearing by imposing a manifestly excessive and unduly harsh sentence." Brief for Zeigler at 4 (capitalization modified for clarity).

Zeigler's issue raises a challenge to the discretionary aspects of his sentence. An appellant is not entitled to review of such a challenge as of right. Instead, we conduct a four-part jurisdictional analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted).

Instantly, Zeigler timely filed a notice of appeal and his brief contains the required Rule 2119(f) statement. However, our review of the certified record and the transcript of Zeigler's probation revocation hearing reveals that Zeigler did not challenge the discretionary aspects of his sentence either in open court or in a post-sentence motion. Consequently, we must conclude that Zeigler has waived his challenge to the discretionary aspects of his sentence, and has failed to invoke our jurisdiction over his claim. ***See id.***; ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspects of a sentence is waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015