J-A06034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL C. DUTROW | |
| Appellant | No. 1616 MDA 2015 |

Appeal from the Judgment of Sentence Entered August 20, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0000074-2015

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JUNE 16, 2016**

Appellant, Michael C. Dutrow, appeals from the August 20, 2015 judgment of sentence imposing five years of intermediate punishment for driving under the influence of alcohol, 75 Pa.C.S.A. § 3802(c) (highest rate of alcohol).  We affirm.

Appellant pled guilty to the aforementioned offense on May 21, 2015. Appellant's offense required a drug and alcohol assessment in accord with 75 Pa.C.S.A. § 3814 ("Drug and alcohol assessments").  The trial court memorialized the parties' plea agreement in its order accepting Appellant's guilty plea:

> If the drug and alcohol assessment indicates the Defendant is in need of treatment, the length of the Intermediate Punishment Program will be five years.  Otherwise, the program will be a two-year program.

Order, 5/21/2015, at 1. The parties' agreement appears to track the language of 75 Pa.C.S.A. § 3804(d),[1] which provides that, for offenders who are "in need of additional treatment" after the § 3814 assessment, "the judge shall impose a minimum sentence as required by law and a maximum sentence equal to the statutorily available maximum." 74 Pa.C.S.A. § 3804(d). The parties agree that five years is the statutory maximum in this case.[2]

The assessor recommended treatment, and the trial court therefore imposed five years of intermediate punishment. Prior to sentencing, Appellant voluntarily sought and completed a course of treatment. He claims the course of treatment he completed satisfies the treatment recommended by the assessor. Therefore, Appellant argues, he was not in need of further treatment at the time of sentencing and the trial court should have imposed two years of intermediate punishment. According to the trial court, the fact of Appellant's need for treatment, rather than the date of its completion, required a five-year sentence under the terms of the plea agreement. Trial Court Opinion, 10/6/2015, at 5. The longer sentence imposed pursuant to the parties' agreement in this case, as well as the

_____

[1] As set forth below, we have no occasion to address the parties' statutory construction arguments.

[2] Appellant's second offense under § 3802(c) is a first-degree misdemeanor, which carries a maximum sentence of five years. 75 Pa.C.S.A. § 3803(b)(4); 18 Pa.C.S.A. § 106(b)(6).

longer sentence contemplated under § 3804(d), the trial court reasoned, "is to ensure that the treatment is working and continues to work." *Id.* The court noted Appellant's prolonged supervision after his first offense, and concluded "extended supervision will help to ensure that Appellant gets the necessary treatment and supervision to maintain his sobriety and to discourage him from driving under the influence again." *Id.*

Appellant filed a timely post-sentence motion on August 27, 2015. The trial court denied the motion the next day. This timely appeal followed. On appeal, Appellant argues the trial court's sentence is illegal under § 3804(d), and that the trial court erred in denying his post-sentence motion without a hearing.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). We have made an exception to this rule, however, where the defendant pleads guilty pursuant to a plea agreement with an open sentencing term. *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005). Appellant has not challenged the validity of his plea. He argues his sentence is illegal because the trial court misinterpreted § 3804(d) to require a five-year term. He argues that the words "in need of additional treatment" in § 3804(d) do not apply where the

defendant completes the needed treatment prior to sentencing. Appellant believes the trial court's alleged misinterpretation of § 3804(d) implicates the legality of his sentence because the trial court believed it had no alternative under § 3804(d) but to impose a five-year sentence, given the assessor's recommendation of treatment. Appellant relies on **Commonwealth v. Foster**, 17 A.3d 332, 344-45 (Pa. 2011) (plurality), to establish that his argument implicates the legality of his sentence.

We express no opinion on any aspect of Appellant's sentence legality argument, including whether or not his argument implicates sentencing legality. As the trial court makes clear, it imposed its sentence "in accord with the parties' plea agreement." Trial Court Opinion, 10/6/2015, at 2. Nothing prevented Appellant from agreeing to serve an otherwise lawful sentence, in this case five years of intermediate punishment, even assuming (without deciding) that § 3804(d) does not require a five-year term under present circumstances.[3]

Since Appellant's sentencing legality argument is not dispositive, we must discern whether Appellant's argument is properly before this Court on any other basis. As noted above, Appellant did not challenge the validity of

---

[3] The trial court opined that the sentence was in accord with both the parties' agreement **and** with statutory mandates. Trial Court Opinion, 10/6/2015, at 4. That statement does not require us to address the legality of Appellant's sentence, as enforcement of the parties' plea agreement is a sufficient independent basis to uphold Appellant's sentence.

his plea. If Appellant believed the trial court misinterpreted the phrase "in need of treatment," as that phrase was used in the plea agreement, Appellant could have moved to withdraw his plea and thereby preserved this issue for appellate review under *Lincoln*.

Thus, Appellant's argument is properly before us only if we can treat it as an appeal from a plea agreement with an open sentencing term in accord with the rule cited in *Tirado*. We conclude we cannot. The sentencing term of the parties' agreement contemplates the imposition of one of two sentences based on a contingency. It is therefore not an open term agreement wherein the trial court retains discretion to impose any lawful sentence. The proper sentence rests on interpretation of the phrase "in need of treatment," as that term is used in the plea agreement. Interpretation of a plea agreement implicates contract law, not sentencing discretion. *See Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014). Appellant did not present this issue to the trial court, and does not attempt to do so on appeal.

In summary, we have concluded that Appellant's sentencing legality argument is not dispositive, and that this appeal from a sentence entered

J-A06034-16

pursuant to a guilty plea is not properly before us on any other basis.[4]  We

therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016

---

[4]  Given our disposition, the trial court's decision not to conduct a hearing is of no moment.