J-A16001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HARRY BABINGER, II | |
| Appellant | No. 1101 WDA 2016 |

Appeal from the Judgment of Sentence imposed June 27, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007140-2015

BEFORE:  STABILE, J. FORD ELLIOTT, P.J.E. , and STRASSBURGER,[*] J.

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 19, 2018**

Appellant, Harry Babinger, II, appeals from the judgment of sentence the Court of Common Pleas of Allegheny County imposed on June 27, 2016. Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm the judgment of sentence.  However, for the reasons explained below, we reverse the trial court's November 8, 2016 order finding that Appellant is a Sexually Violent Predator and remand for the sole purpose of having the trial court issue the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellee's registration requirements.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the procedural background of the instant matter as follows:

On February 11, 2016, following a jury trial, [the trial court] declared a mistrial. On April 12, 2016, a second jury found Appellant guilty of Involuntary Deviate Sexual Intercourse With a Child ("IDSI"), Unlawful Contact With Minor, Sexual Assault, Incest of a Minor, Indecent Assault Person Less Than 13 Years of Age, and Endangering Welfare of Children ("EWOC"). [The trial court] sentenced Appellant to 20 to 40 years of incarceration for IDSI and three to six years for Incest of a Minor consecutive to the IDSI sentence. [The trial court] further sentenced Appellant to two concurrent seven years probationary sentences, consecutive to incarceration, at the Unlawful Contact and EWOC counts. The aggregate sentence imposed was 23-46 years incarceration with seven years consecutive probation. Appellant filed a Post-Sentence motion on June 28, 2016, which [the trial court] denied on June 30, 2016.

Trial Court Opinion, 1/18/17 at 1-2 (footnotes omitted).

Following a hearing, on November 7, 2016, the trial court found Appellant to be a Sexually Violent Predator. **See** Trial Court Order, 11/8/16.[1]

Appellant argues the trial court failed to state **any** reason for Appellant's sentence.[2] The statement is inaccurate. After presiding over

_____

[1] The order in question is dated November 7, 2016, but it was filed on November 8, 2016. The order does not provide any information as to the length of term of registration. At time of sentencing, however, the trial court indicated that Appellant "would be a lifetime registrant." N.T. Sentencing, 6/27/16, at 16.

[2] The challenge raised on appeal involves the IDSI sentence only.

Appellant's trial (twice), and after hearing two witnesses and counsel at sentencing, the trial court stated:

> Having sat through this case twice, having read the presentence report and considering the relevant portions but not the portions that were stricken, being the testimony and arguments made here today at sentencing, [] in light of all of the information provided to me, I do find that [Appellant] is a dangerous predator whether or not he meets the criteria under [SORNA], which I believe that he will, and I will order that he be submitted to that evaluation.

N.T. Sentencing, 6/27/16, at 16-17.

Clearly, the trial court stated its reasons for the sentence imposed, including finding Appellant to be a "dangerous predator." Thus, Appellant's claim that the trial court failed to state **any** reason for the sentence is groundless.[3]

We construe, therefore, Appellant's claim as challenging the sufficiency of the reasons for the sentence imposed, which constitutes a challenge to the discretionary aspects of his sentence. *See, e.g., Commonwealth v. Thomas*, 573 A.2d 9, 12 (Pa. Super. 1988) ("A challenge to the adequacy of a statement of reasons is viewed as an appeal of a discretionary aspect of sentencing."). Even so, however, the claim does not have merit.[4]

_____

[3] In his Rule 1925(b) statement, Appellant acknowledged that the trial court remarks were sparse, and that the trial court's explanation for the sentence consisted of one reason, namely that he was a "dangerous predator."

[4] Our standard of review of challenges to the discretionary aspects of a sentence is well-settled. We apply an abuse of discretion standard.
*(Footnote Continued Next Page)*

Assuming the sufficiency of the reasons claimed raise a substantial question for our review, we find the claim meritless.

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). **See also Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa. Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. **See Commonwealth v. Cruz-Centeno**, 447 Pa. Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

**Moury**, 992 A.2d at 171.

*(Footnote Continued)* —————

Additionally, because challenges to the discretionary aspects do not entitle to an appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010).

As noted above, the trial court's statements for the sentence came after the trial court had the opportunity to consult Appellant's Presentence Investigation Report ("Report"), and hear two witnesses and counsel's arguments at the sentencing hearing.

It is uncontested that the Report provided information, *inter alia*, about Appellant's past, including a criminal conviction for endangering the welfare of children and corruption of minors at docket 6198-2006, and a conviction for corruption of minors at docket 12171-1996.[5] The Report also shows that Appellant was previously ordered to complete sex offender treatment and "refused to participate, refused to accept responsibility, and did not successfully complete the program before the period of his five years['] probation had expired." Trial Court Opinion, 1/18/17, at 4 (quoting Transcript, Sentencing Hearing, 6/27/16, at 13-14). Moreover, the Report shows that in 2009 behavioral experts concluded that Appellant suffered from pedophilia, and that he was a very "dangerous, predatory man." N.T. Sentencing, 10/20/16, at 14. Finally, it is uncontested that the sentence imposed is within the standard range of the guidelines.

_____

[5] It is worth noting that Appellant did not contest the accuracy of the Report, with the exception of those matters discussed on page 7 of the sentencing transcript, which are not relevant here.

Upon consideration of the record, and in light of the foregoing authorities, we conclude Appellant's claim that the sentencing court failed to state sufficient reasons for the sentence imposed on the record fails.

Appellant also relies on ***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa. Super. 2011), for the proposition that a trial court commits an abuse of discretion if it considers "the impact on the victim to the exclusion of other sentencing factors such as the rehabilitative needs of the defendant," Appellant's Brief at 24, or the "impact on community." ***Id.*** at 26. ***Coulverson***, however, is distinguishable. In ***Coulverson***, the defendant pled guilty to rape, IDSI, sexual assault, aggravated indecent assault, robbery, unlawful restraint, terroristic threats, and two counts of indecent assault that he committed when he was 19 years old. ***Coulverson***, 34 A.3d at 138-39. The sentencing court imposed an 18 to 90-year aggregate term of imprisonment, which included the imposition of multiple consecutive statutory maximum sentences to accomplish the upper end of the sentence. ***Id***. at 139. On appeal, we found that the imposition of a 90-year maximum sentence on a 19-year old defendant was "clearly unreasonable" as the trial court imposed a virtual life sentence, failing to give any consideration to defendant's characteristics and improperly basing its determination that defendant should "spend as much of his life in prison as the court could order[.]" ***Id.*** at 148.

In the present case, as opposed to *Coulverson*, the trial court imposed a standard range sentence that did not extend to the statutory maximum. Indeed, the minimum sentence and the maximum sentence are both within the standard range of the guidelines and the maximum sentence is two times the minimum sentence. In contrast, in *Coulverson*, the defendant's maximum sentence was five times his minimum sentence. Additionally, we discern no indication that the sentencing court sentenced Appellant with a "fixed purpose of keeping [Appellant] in jail for life," *Coulverson*, 34 A.3d at 149 n. 3, or other factors found improper in *Coulverson*. Reliance on *Coulverson* is, therefore, misplaced.

Finally, Appellant seems to suggest that the trial court specifically had to address on the record all points or statements he made at the sentencing hearing, and that failure to do so equates to failure to consider those points. For example, Appellant argues the trial court should have considered that he was 53 years old. Appellant's Brief at 25. In the same vein, Appellant argues the trial court abused its discretion in not mentioning on the record at what age he would be eligible for parole or at what age the court supervision would end. *Id.* at 26-27. Similarly, Appellant argues that the trial court's failure to acknowledge on the record Appellant's health conditions and skills was an abuse of discretion. We are unaware of any authority supporting Appellant's suggestions. Indeed, "a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record

as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." *Commonwealth v. Malovich,* 903 A.2d 1247, 1253 (Pa. Super. 2006); *see also Commonwealth v. Brown*, 741 A.2d 726 (Pa. Super. 1999) (*en banc*), *appeal denied*, 790 A.2d 1013 (Pa. 2001) (stating court meets requirement that it state on record reasons for sentence imposed if court states that it has consulted presentence investigation ("PSI") report). Here, the record reveals the sentencing court was fully aware, *inter alia*, of Appellant's characteristics, as described in the Report reviewed by the sentencing court. We conclude, therefore, Appellant is entitled to no relief on the grounds raised before us.

While the instant appeal was pending, another panel of this Court issued an opinion in *Commonwealth v. Butler*, --- A.3d ----, 2017 WL 4914155 (Pa. Super. October 31, 2017). In *Butler* we held that the statutory mechanism for Sexually Violent Predator (SVP) designation was constitutionally flawed under *Apprendi*[6] and *Alleyne*[7] because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual finding beyond a reasonable doubt. As a result, we held trial courts may no longer designate convicted

---

[6] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[7] *Alleyne v. United States*, 570 U.S. 99 (2013).

defendants SVPs (nor may they hold SVP hearings) until the General Assembly enacts a constitutional designation mechanism. *Id.* at \*6. In the meantime, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense. *Id.*

Here, Appellant was determined to be an SVP under the now unconstitutional SVP mechanism. While Appellant does not challenge his SVP determination, we raise it *sua sponte* as it involves the legality of the sentence. *Id.* at \*2. Accordingly, in light of **Butler**, we must reverse the trial court's SVP order, and remand this case to the trial court for the sole purpose of issuing the appropriate notice under Pa.C.S.A. § 9799.23. **Butler**, *supra*.

Order reversed. Judgment of sentence affirmed in all other aspects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2018