J-S24013-18 & S24014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MICHAEL CONSEAL | : | |
| | : | |
| Appellant | : | No. 1891 MDA 2017 |

Appeal from the Judgment of Sentence October 30, 2017
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000075-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY CONSEAL | : | |
| | : | |
| Appellant | : | No. 1892 MDA 2017 |

Appeal from the Judgment of Sentence Entered October 30, 2017
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000311-2016

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2018**

Appellant, Anthony Michael Conseal, appeals from the judgments of

sentence entered on October 30, 2017, as made final by the denial of his

post-sentence motions on November 8, 2017, following his guilty plea to two counts of forgery.[1]  We affirm.

We summarize the facts and procedural history of this case as follows. On July 29, 2016, police responded to a telephone call from the branch manager at the West Milton State Bank in Mifflinburg, Pennsylvania.  Appellant attempted to cash a check made out to him from B & W Disposal.  Two other men were with Appellant and they attempted to cash purported checks from B & W Disposal.  When the bank teller became suspicious and attempted to contact to B & W Disposal, Appellant and the other men left the bank.  The Commonwealth charged Appellant with the two aforementioned crimes, as well as identity theft and conspiracy.[2]

Prior to trial, Appellant and the Commonwealth entered into plea negotiations.  Appellant agreed to plead guilty to the two counts of forgery in exchange for the withdrawal of the remaining charges.  The plea agreement also set forth the perimeters of Appellant's potential sentences.  Specifically, the parties agreed to two concurrent standard-range sentences, not exceeding

---

[1]    18 Pa.C.S.A. §§ 4101(a)(1) and 4101(a)(3), respectively.   The Commonwealth charged Appellant with these two crimes at two different trial court docket numbers, which resulted in two separate sentencing orders and two separate appeals.   Because the trial court held a guilty plea and sentencing hearing and Appellant currently challenges the overall, aggregate sentence imposed, we *sua sponte* consolidate the two appeals pursuant to Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

[2]  18 Pa.C.S.A. §§ 4120 and 903, respectively.

a maximum of seven years. The parties also agreed that these sentences were to run consecutively to any other sentence Appellant was serving at the time.

On October 5, 2017, Appellant pled guilty to the two counts of forgery as set forth above. On October 30, 2017, the trial court sentenced Appellant in accordance with the plea agreement to an aggregate sentence of 12 months minus one day to seven years of incarceration, consecutive to a sentence from Montgomery County that Appellant was then serving. The trial court further determined Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI) program. Appellant filed timely post-sentence motions on November 6, 2017. The trial court denied relief by orders entered on November 8, 2017. These timely appeals resulted.[3]

On appeal, Appellant presents the following issue for our review:

1. Did the [t]rial [c]ourt commit error in sentencing Appellant to the upper end of the standard range [of the sentencing guidelines]?

Appellant's Brief at *6 (unpaginated).

Appellant claims that the trial court's sentences were unreasonable. *Id.* at *9 (unpaginated). Initially, "Appellant understands the very difficult burden that he faces here" in showing that he raises a substantial question to

---

[3] Appellant filed notices of appeal on December 7, 2017. On the same date, the trial court ordered Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on December 27, 2017. The trial court issued opinions pursuant to Pa.R.A.P. 1925(a) on January 18, 2018.

implicate our appellate review of a discretionary aspect of sentencing by the trial court. *Id.* at *10 (unpaginated). Thereafter, in sum, Appellant argues that

> it is readily apparent from the nature of the charges that they are not violent. At sentencing, it was undisputed that Appellant would owe restitution, that repayment would be complicated by further incarceration. With due respect to the [t]rial [c]ourt, the sentence imposed herein results only in a delay in the payment of restitution with no noticeable gain to the Commonwealth or the community at large.

*Id.*

Initially, we note that "a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction[.]" **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (emphasis in original); **see also Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994) ("[W]e will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process.").

Here, upon review of the record, we conclude that the trial court sentenced Appellant within the confines of his negotiated plea agreement. The plea agreement called for two standard-range, concurrent sentences not exceeding an aggregate maximum of seven years of imprisonment, to run consecutively to any other sentence Appellant was already serving. The trial court sentenced Appellant to serve concurrent sentences of 12 months minus

one day to seven years of incarceration, consecutive to any sentence from Montgomery County that Appellant was then serving. Each sentence was within the standard-range of the sentencing guidelines. Because Appellant received negotiated sentences, he is precluded from challenging their validity except to argue illegality or lack of jurisdiction. Appellant does not contend that his sentences are illegal or the trial court lacked jurisdiction to impose them. Further, Appellant does not contest the validity of his guilty pleas.

Instead, Appellant challenges the discretionary aspects of his sentences, arguing that although he agreed to standard-range sentences, the trial court unreasonably imposed sentences in the "top end of the standard range." Appellant's Brief at *8 (unpaginated).

This Court has previously determined:

It is well-settled that the right to appeal a discretionary aspect of sentence is not absolute. Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.
>
> *   *   *
>
> We have found that a substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.
>
> It is settled that this Court does not accept bald assertions of sentencing errors. When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits. A Rule 2119(f) statement is inadequate when it contains incantations of statutory provisions and pronouncements of conclusions of law.

***Commonwealth v. Radecki***, 180 A.3d 441, 467–468 (Pa. Super. 2018) (internal citations and most quotations omitted).

Although he points out that the offenses were non-violent and incarceration may delay repayment of restitution, Appellant fails to raise a substantial question to implicate our review. Appellant does not specify how his sentences are inconsistent with a specific provision of the sentencing code. Instead, he concedes that he received sentences in the standard-range of the sentencing guidelines. Further, Appellant fails to show that his sentences were contrary to the fundamental norms which underlie the sentencing process, since the trial court entered the sentences in accordance with the plea

agreement. Appellant does not challenge the validity of the plea agreement or otherwise argue that the trial court failed to abide by it. Because Appellant failed to raise a substantial question, we deny Appellant's petition for allowance of appeal challenging the imposition of his sentences.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18