**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM BASTIAN, | : | |
| | : | |
| Appellant | : | No. 1873 MDA 2017 |

Appeal from the Judgment of Sentence November 2, 2017
in the Court of Common Pleas of Sullivan County,
Criminal Division at No(s):  CP-57-CR-0000007-2017

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 20, 2018**

Adam Bastian ("Bastian") appeals from the judgment of sentence imposed following his guilty plea to one count each of theft by unlawful taking and criminal mischief.[1]  We dismiss the appeal.

On January 25, 2017, Pennsylvania State Police ("PSP") were on patrol on Whiskey Run Road, in Davidson Township, when they observed a vehicle parked on the roadway near a cabin.  PSP approached the vehicle and observed Bastian walking toward the vehicle from the cabin.  PSP then noticed footprints in the snow from the cabin to the neighboring residence, and around the residence, that matched Bastian's shoes.  PSP noted that the door of a storage room near the residence had pry marks on it and appeared to have

_____

[1] 18 Pa.C.S.A. §§ 3921(a), 3304(a)(5).

been forced open. PSP subsequently determined that Bastian had stolen an ATV from the owner of the residence, Charles Speese ("Speese").

Further, PSP observed that the vehicle contained a digital scale, a metal grinder, a container of suspected marijuana concentrate, a plastic straw, a pack of rolling papers, and a glass pipe. The vehicle also contained plastic gloves and metal pry tools, as well as an open box of pistol ammunition.

Bastian was charged with burglary, criminal trespass, possession of a small amount of marijuana (distribute not sell), possession of drug paraphernalia, criminal mischief, and theft by unlawful taking. On April 6, 2017, in accordance with an open plea agreement, Bastian pled guilty to criminal mischief and theft by unlawful taking. All other charges were dismissed.

On November 2, 2017, regarding theft by unlawful taking, the trial court sentenced Bastian to 19-60 months in prison, and ordered him to pay the costs of prosecution, a fine of $500.00, and restitution in the amount of $476.50 to Speese. Regarding criminal mischief, the trial court sentenced Bastian to 6-12 months in prison, and ordered him to pay the costs of prosecution, and a fine of $500.00. The trial court ordered that the sentences be served consecutively.

Bastian filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Bastian raises the following question for our review: "Did the trial court commit error in sentencing [Bastian] in the aggravated range[,] despite the fact that the court's sentencing order contained no legal rationalization for the same?" Brief for Appellant at 4 (some capitalization omitted).

Bastian challenges the discretionary aspects of his sentence.[2] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, Bastian filed a timely Notice of Appeal. However, he did not raise his sentencing claim in a post-sentence motion to modify sentence or at sentencing. **See** Trial Court Opinion, 1/19/18 at 5; **see also** Pa.R.Crim.P.

_____

[2] Bastian entered an open plea, so he was not precluded from raising a discretionary aspects of sentence claim. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

- 3 -

720(A)(1) (stating that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence[.]"). Thus, the issue is waived, and we cannot review it on appeal. *See Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa. Super. 2006) (holding that the defendant's challenges to the discretionary aspects of sentencing were waived because he failed to raise the claims at the sentencing hearing or file a post-sentence motion as required by Pa.R.Crim.P. 720).

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018