J-S09012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN D. MILLER | : | |
| | : | |
| Appellant | : | No. 561 WDA 2018 |

Appeal from the Judgment of Sentence March 28, 2018
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0001002-2017

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER[*], J.

JUDGMENT ORDER BY PANELLA, P.J.:             **FILED JUNE 28, 2019**

Austin Miller appeals from the judgment of sentence entered in the Crawford County Court of Common Pleas, following his negotiated guilty plea to cruelty to animals. We find Miller has waived this issue for appeal purposes.

On February 15, 2018, Miller entered a negotiated plea of guilty to cruelty to animals.[1] In exchange, the Commonwealth *nolle prossed* charges against him for aggravated cruelty to animals and neglect of animals.

At sentencing, the Commonwealth gave a brief recitation of the facts. ***See*** N.T. Sentencing, 3/28/18 at 2-3. Miller did not contest the substance of the Commonwealth's factual recitation. ***See id***., at 4.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5533(a).

Miller was given a dog by friends who could no longer care for it. ***See id***., at 3. He was subsequently evicted from his apartment in a rent dispute with his landlord, who changed the locks while the dog was still inside. ***See id***., at 6-7. Miller claimed that he made numerous attempts to get in contact with the landlord, all of which were unsuccessful. ***See id***. When a maintenance crew began cleaning out the apartment, they found the dog inside, dead. ***See id***., at 3. Miller had last been in the apartment at least nine days before. ***See id***. Miller alleged he left water for the dog, but police did not find evidence of fresh water in the apartment. ***See id***.

Though the standard sentencing guidelines called for probation, the court sentenced Miller to three to six months of imprisonment. The court explained this aggravated range sentence by highlighting the suffering of the dog, as evidenced by frantic scratch marks near the door suggesting an attempt to escape. ***See id***. at 6-7.

On May 10, 2018, Miller timely filed a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b). ***See*** Appellant's Rule 1925(b) Statement, filed 5/10/18, at 1. In his Rule 1925(b) statement, Miller listed two errors: counsel's alleged ineffectiveness, and the voluntariness of his guilty plea.

However, Miller's brief addresses a different issue entirely. His brief questions whether the court abused its discretion in sentencing Miller to three

to six months' imprisonment. ***See*** Appellant's Brief at 7. Nowhere in Miller's brief does counsel address this inconsistency.

The right to challenge the discretionary aspects of a sentence is not absolute. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). An appeal on discretionary aspects grounds must satisfy a four-pronged test before this Court may consider it. ***See Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). We evaluate:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.A.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***See id***. (citation omitted). An appellant who wishes to challenge the discretionary aspects of his sentence on appeal *must* have raised that issue at sentencing or in a post-sentence motion. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). Failure to do so results in waiver. ***See id***.

Here, Miller satisfied the first prong of the test by filing a timely notice of appeal. However, Miller did not raise this challenge at sentencing, or in a post-sentencing motion. As he has failed to satisfy the second prong, we are constrained to find this issue waived.

Miller does not raise any additional issues in his brief. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/28/2019