J-S24008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRANDY NELL GREULICH | |
| Appellant | No. 573 WDA 2016 |

Appeal from the Judgment of Sentence February 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002778-2015

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                              **FILED MAY 05, 2017**

At her guilty plea hearing, Appellant, Brandy Nell Greulich, admitted that she entered the drive-through teller station at her local PNC Bank branch and passed the teller a note. The note demanded $40,000 from the teller, and indicated that Greulich's SUV was filled with explosives. The note also indicated that there were bombs in the bank as well in the homes of bank employees. The bank notified the local police, who arrested Greulich on the scene. Greulich was sentenced to an aggregate sentence of two to five years of imprisonment.

---

[*] Former Justice specially assigned to the Superior Court.

On appeal, Greulich argues that the trial court imposed an excessive sentence and did not consider her mental health diagnoses or rehabilitative needs. After careful review, we affirm.

Greulich concedes that her issue is a challenge to the discretionary aspects of the sentence imposed. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f)

statement to determine whether a substantial question exists. **See id**. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted).

In the present case, Greulich's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, she preserved her argument against the discretionary aspects of her sentence through a post-sentence motion. Thus, she is in technical compliance with the requirements to challenge the discretionary aspects of her sentence.

Greulich asserts that "several mitigating factors were demonstrated at her sentencing hearing," and that "the failure of the sentencing court to adequately apply the sentencing factors resulted in an excessive sentence, as the court ignored the mitigating factors in her case." Appellant's Brief, at 13. A "bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012) (citation omitted). Greulich's claim is not a bald assertion of excessiveness, but this Court has repeatedly held that the mere assertion that the sentencing court failed to give adequate weight to sentencing factors of record, without more, does not raise a substantial question for appellate review. **See**, **e.g.**, **Commonwealth v. Buterbaugh**, 91 A.3d

1247, 1266 (Pa. Super. 2014) (*en banc*), **appeal denied**, 104 A.3d 1 (Pa. 2014).

Here, Greulich concedes that evidence of mitigating factors was presented on the record to the sentencing court. We furthermore note that the sentencing court had the benefit of a pre-sentence investigation ("PSI") report. Where the sentencing court had the benefit of reviewing a PSI report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

**Commonwealth v. Hallock**, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). Greulich did not note any discrepancies or omissions in the PSI when given the opportunity. **See** N.T., Sentencing Hearing, 2/1/16, at 5. Since Greulich argues that the sentencing court did not adequately consider factors of record, she has not raised a substantial question for our review.

Even if we were to address Greulich's argument on the merits, we would not find the sentence an abuse of the court's discretion. Greulich pled guilty to robbing a bank by threatening it, its employees, and their homes. As even Greulich concedes, she received a sentence within the standard range of the guidelines, which makes it presumptively reasonable. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009). The sentencing court considered Greulich's claims of mental illness and rehabilitation, but did not find credible any link between mental illness and her crimes. We cannot find this credibility determination to be an abuse of discretion, and therefore would offer no relief to Greulich.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017