J-S50039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JUAN ESTABEN GONZALEZ | |
| Appellant | No. 3488 EDA 2016 |

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006384-2007

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED SEPTEMBER 08, 2017**

Appellant, Juan Estaben Gonazalez, appeals from the judgement of sentence of six months to three years of incarceration followed by five years of probation, imposed September 23, 2016, following a probation revocation hearing.  We affirm.

We adopt the following statement of facts from the trial court opinion, which in turn is supported by the record.  *See* Trial Court Opinion (TCO), 2/7/17, at 1-4.  On July 25, 2008, Appellant entered a guilty plea to aggravated indecent assault of a child[1] and was sentenced to three and one-half to eight years of incarceration followed by five years of probation. Appellant was also ordered to participate in any sexual offender programs

_____

[1] 18 Pa.C.S. § 3125(b).

ordered by the prison, have no contact with the victim or victim's family, and have no unsupervised contact with minors. Appellant did not appeal his judgment of sentence.

Appellant was released after serving an eight-year sentence. He did not complete the required offender programs in prison and was accordingly ordered to do so when beginning probation. Once he began probation, the problems continued. Appellant did not register for sexual offender programs; did not provide an accurate sexual offense history; failed two therapeutic polygraph tests; and was discharged from outpatient treatment due to his failure to answer questions.

The court conducted a *Gagnon II*[2] hearing. The Commonwealth argued that Appellant had committed a technical violation due to his failure to comply with the special conditions of his probation, namely, compliance with the rules and regulations of his sex offender treatment. Appellant's counsel admitted that Appellant had not completed treatment. Additionally, the Commonwealth offered the testimony of Sahra Riccardi, Appellant's therapist. Ms. Riccardi testified that Appellant had not provided her with accurate information to develop a relapse prevention plan; Appellant could not be successfully maintained in a community-based treatment program;

_____

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (concluding that due process requires parolee be given a preliminary (*Gagnon I*) and final (*Gagnon II*) hearing prior to parole revocation).

and without successful completion of a program, Appellant would pose a danger to the community.

The court found Appellant in violation of his probation. The court then sentenced Appellant to six months to three years of incarceration, followed by five years of probation, with the condition that he complete sex offender treatment in prison, continue treatment outside of prison, and comply with all appropriate rules and regulations. Appellant did not file post-sentence motions.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises a single issue:

I) Whether the sentence of total confinement imposed by the court in this matter on September 23, 2016, was harsh and excessive since the evidence of record failed to establish that continued probation was not appropriate under the facts and circumstances of the case.

Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is

inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Although Appellant timely filed a notice of appeal and included in his brief a Rule 2119(f) statement, he did not preserve his claim at sentencing or in a timely post-sentence motion. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (noting that issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the court during sentencing proceedings; absent these efforts the issue is waived). Accordingly, Appellant has waived his challenge to the discretionary aspects of his sentence. *Id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017

- 4 -