J-S06007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY WINDOM | : | |
| | : | |
| Appellant | : | No. 607 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005594-2017

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                Filed: May 13, 2021

Roy Windom, appeals from the January 13, 2020, judgment of sentence entered in the Court of Common Pleas of Philadelphia County. The sentencing order followed his conviction of multiple charges of sexual abuse of his younger sister, D.J. Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 7, 2019, a jury convicted the Appellant of Rape of a Child,[1] graded as a Felony of the First Degree,[2] Unlawful Contact with a Minor,[3] also graded as a Felony of the First Degree,[4] Endangering Welfare of Children,[5] a

_____

[1] "(c) Rape of a child.--A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c).

[2] *Id*.

[3] 18 Pa.C.S.A. § 6318 provides, in pertinent part:

> (a) Offense defined.--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1)  Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
> . . . .

[4] 18 Pa.C.S.A. § 6318(b)(1).

[5] "(a) Offense defined.-- (1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1).

J-S06007-21

Misdemeanor of the First Degree,[6] and Indecent Assault – Person Less Than 13 Years of Age,[7] graded as a Felony of the Third Degree.[8]

Sentencing was held on January 13, 2020. A timely appeal was filed on February 11, 2020.[9] Appellant argues the trial court erred by abusing its discretion and imposing an excessive aggregate sentence of 12½ to 25 years' incarceration. As stated by the Appellant, the issue before us is:

> Whether the trial court abused its discretion by not thoroughly considering petitioner's background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity when it imposed an excessively punitive aggregated sentence of 12 1/2 to 25 years' incarceration followed by twelve years' reporting probation on Rape of a Child (F1), Unlawful Contact with a Minor

_____

[6] 18 Pa.C.S.A. § 4304(b)(1).

[7] Indecent Assault is defined as:

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
> . . .
> (7) the complainant is less than 13 years of age;
> . . . .

18 Pa.C.S.A. § 3126(a)(7).

[8] 18 Pa.C.S.A. § 3126(b)(3)(ii).

[9] An earlier, interlocutory appeal was quashed by this Court on September 24, 2019.

(Fl), Endangering Welfare of Children (F), and Indecent Assault Forcible Compulsion (F3)?

Appellant's Brief at 6. Therefore, this matter concerns a challenge to the discretionary aspects of the sentence. We conclude, considering our review pursuant to 42 Pa.C.S.A. § 9781(d), that the issue raised by the Appellant has no merit.

"It is well-settled that appeals of a discretionary aspect of a sentence are not reviewable as a matter of right." ***Commonwealth v. Miller***, 965 A.2d 276, 277 (Pa. Super. 2009) (citation omitted). To invoke this Court's jurisdiction, an appellant challenging the discretionary aspects of his sentence must first satisfy a four-part test. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). We consider:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, Windom's appeal is in compliance with the requirements to challenge the discretionary aspects of his sentence. Windom filed a timely appeal, filed a post-sentence motion, and provided a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must determine whether Windom has presented a substantial question.

- 4 -

The determination of what constitutes a substantial question mut be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (internal citations omitted).

While his Pa.R.A.P. 2119(f) statement is sparse, the Appellant contends that the trial court abused its discretion by imposing a sentence without considering the required factors under 42 Pa.C.S. § 9721(b). He argues that the trial court focused on the seriousness of the offenses without regard to the other factors listed in section 9721(b). We have previously held that such a claim presents a substantial question for our review. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). Therefore, we will address the substance of Appellant's argument.

Our Legislature has specified the following directives to the trial court in relation to sentencing:

> **(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing under sections 2154 (relating to adoption of guidelines for sentencing), 2154.1 (relating to adoption of guidelines for restrictive conditions), 2154.3 (relating to adoption of guidelines for fines), 2154.4 (relating to adoption of guidelines for resentencing) and 2154.5 (relating to adoption of guidelines for parole) and made effective under section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties). Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b) (footnote omitted). Furthermore, the Sentencing Code provides factors for the appellate courts to consider if there is an appeal from the judgment of sentence:

**Appellate review of sentence**
**(a) Right to appeal.--**The defendant or the Commonwealth may appeal as of right the legality of the sentence.
**(b) Allowance of appeal.--**The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be

- 6 -

granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

**(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

**(e) Right to bail not enlarged.--**Nothing in this chapter shall be construed to enlarge the defendant's right to bail pending appeal.

**(f) Limitation on additional appellate review.--**No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

42 Pa.C.S.A. § 9781.

In his brief, Windom provides the Court with a thorough discussion of appellate cases addressing the discretionary aspects of sentencing. In reference to the sentencing in this case, Windom contends that the trial court did not adequately show deference to his lack of a prior criminal history or any type of earlier bad behavior, his "excellent work history", and the fact that he

overcame significant mental health issues to be gainfully employed. The Appellant also faults the trial court in failing to consider rehabilitation alternatives. In summary, he argues that the resulting sentence was not "individualized" in any meaningful way, and "it is clear that this sentence was fashioned wholly to punish Appellant without any regard for the appropriate considerations of 42 Pa.C.S. § 9781." Appellant's Brief, at 19.

Here, the jury and the trial court heard the troubling facts of this case. The youthful victim, D.J., had been abused by Windom over numerous years when she was 9 years old until she was 13. Windom is D.J.'s older brother. The sexual assaults took place at two different houses. The record more than adequately details the heinous nature of Windom's sexual assaults on his prepubescent younger sister, and we see no need to further describe them herein.

At the outset of the sentencing hearing, the trial court noted that Windom had been convicted of rape of a child, endangering the welfare of a child, indecent assault, and unlawful contact with a child. *See* N.T. 1/13/20 at 3-4. At the time of sentencing, Windom was 32 years old. *See id*. at 4. The trial court noted that Windom had a prior record score of zero. *See id*. The offense gravity score for the rape charge was 14, which resulted in a sentencing guideline range of 72 months to the statutory limit of incarceration,

plus or minus 12 months.[10] Therefore, the standard range minimum sentence for the charge of rape of a child was six years up to 20 years' incarceration.

The sentencing court heard the argument made by Windom's counsel, which highlighted much of the information contained in the pre-sentence investigation report. *See id*. at 4 - 5. Counsel referred to the mental health report and brought to the court's attention Windom's diagnosis of bipolar disorder. *See id*. at 5. Counsel referred to Windom's work history as "pretty remarkable." *Id*. Counsel recommended to the sentencing court that a sentence in the guidelines range was appropriate given the Appellant's mental health status and his prior substance use, specifically mentioning that rehabilitation was possible so that Windom could be a productive member of society after his debt to society was paid. *See id*. at 6.

Counsel for the Commonwealth referred to the sentencing memorandum which the Commonwealth had filed on August 1, 2019, and is

---

[10] The crime of Rape of a Child carries with it a maximum sentence of 40 years' incarceration:

> (e) Sentences.--Notwithstanding the provisions of section 1103 (relating to sentence of imprisonment for felony), a person convicted of an offense under:
> (1) Subsection (c) shall be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years.

18 Pa.C.S.A. § 3121(e)(1).

in the record. The Commonwealth's attorney reminded the court that the multiple assaults in this case took place over several years. **See id**. at 7. Considering the appalling attacks on the youthful victim, the Commonwealth opined that the life of the victim has been permanently changed. In conclusion, the Commonwealth recommended a sentence of 30 to 60 years' incarceration, followed by three years of reporting probation. **See id**. at 8.

The sentencing court gave the Appellant an opportunity to exercise his right of allocution, which he decided against. The court then referred to all the reports which had been made a part of the record, and the specific facts of the Appellant's life such as his work history, and sentenced the Appellant as follows:

- On the conviction of rape of a child, to a term of imprisonment of 10 to 20 years;

- On endangering the welfare of children, to a term of imprisonment of 2½ to 5 years, consecutive to the sentence on rape of a child;

- On unlawful contact with a child, a consecutive 7 years of reporting, sex offender probation;

- On indecent assault, a consecutive term of 5 years of probation.

As stated earlier, the aggregate sentence was a total of 12½ to 25 years' incarceration followed by 12 years of reporting probation.

Windom argues that the trial court sentenced him "without sufficient explanation on the record, and therefore was an abuse of discretion."

Appellant's Brief at 13. With respect to the claim that the sentencing court failed to state its reasons, the record proves differently.

As the court stated on the record, it had considered, among other things, the relevant pre-sentence investigation report, and according to **Commonwealth v. Fowler**, it thereby satisfied the requirement to place its reasons for sentencing on the record. **See** 893 A.2d 758, 766 (Pa. Super. 2006). In **Fowler**, this Court stated, "[s]ince the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case." **Id**. The **Fowler** decision follows the Pennsylvania Supreme Court policy on the use of pre-sentence reports at the time of sentencing:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

**Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

Lastly, the imposition of consecutive, rather than concurrent, sentences creates a concern over the discretionary aspects of a sentence in only the most extreme circumstances, "such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and

the length of imprisonment." ***Commonwealth v. Moury***, 992 A.2d 162, 171-172 (Pa. Super. 2010) (citation omitted)

The sentence imposed here, an aggregate of 12½ to 25 years' incarceration followed by 12 years of reporting probation, is not unduly harsh given the scope of the crimes at issue. Nor does it reflect a failure to consider the mitigating factors highlighted by Windom, as it is well below the possible aggregate sentence for his convictions; the maximum sentence for the rape charge alone was 40 years imprisonment. Under our standard of review, an abuse of discretion may not be found unless the trial court's decision is "clearly erroneous." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will." ***Commonwealth v. Tirado***, 870 A.2d 362, 366 (Pa. Super. 2005) (citation omitted).

Under our deferential standard of review, we discern no abuse of discretion in the trial court's sentence, and we decline to disturb it. Therefore, we find that Windom's appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/21