J-S22014-24

2024 PA Super 200

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :             PENNSYLVANIA
  :
          v.                      :
  :
  :
SHAQUAN REID                  :
  :
        Appellant          :    No. 765 WDA 2023

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004231-2021

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

OPINION BY PANELLA, P.J.E.:              **FILED: September 6, 2024**

Shaquan Reid appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas on May 17, 2023. On appeal, Reid challenges the discretionary aspects of his sentence. We affirm.

On February 10, 2020, Reid was charged by criminal information with two counts of criminal use of a communication facility, four counts of possession with intent to deliver a controlled substance ("PWID"), and two counts of possession of a controlled substance. These charges stemmed from controlled purchases of heroin and fentanyl between a confidential information and Reid on two different dates. Following a preliminary hearing, the counts for criminal use of a communication facility were dismissed, and all remaining charges were held for trial.

On September 13, 2022, following a non-jury trial, the trial court found Reid guilty of all counts. Sentencing was deferred for preparation of a presentence investigation report ("PSI").

On May 17, 2023, the court sentenced Reid to 30 to 60 months' incarceration for the first felony count of PWID, and a concurrent sentence of 30 to 90 months' incarceration for the second felony count of PWID. The court imposed no further penalty on all other charges. Reid filed a timely post-sentence motion to modify sentence, which the court denied. This timely appeal followed.

In his sole issue on appeal, Reid argues the trial court abused its discretion in sentencing him because the court did not consider Reid's personal history, character, and rehabilitative needs in violation of 42 Pa.C.S.A. § 9721(b). **See** Appellant's Brief, at 13. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Reid preserved his issue through a timely post-sentence motion to modify sentence[1] and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement.

We therefore must examine Reid's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for

_____

[1] We note there is somewhat of a disparity between the issue raised in Reid's post-sentence motion and the issue raised on appeal. A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. *See Moury*, 992 A.2d at 170.

In his motion to modify sentence, Reid argued the sentence imposed is excessive based on his "prior record, work history, mitigation report, PSI and sentencing guidelines." Post-Sentence Motion, 5/21/23, at ¶ 6. We read this claim to assert that the court incorrectly considered the above factors and accordingly imposed an excessive sentence.

In his 1925(b) concise statement, Reid argued the court abused its discretion in sentencing because it violated 42 Pa.C.S.A. § 9721(b) by failing to consider the mandatory sentencing factors, namely personal history, character, and rehabilitative needs. *See* Concise Statement, 8/11/23, at ¶ 11. Reid raises the same claim in his Rule 2119(f) statement. *See* Appellant's Brief, at 18. No where on appeal does Reid make any claim that his sentence is excessive. As such, we read this claim to assert the court did not consider the listed factors at all, and accordingly a lesser sentence may be warranted.

Given that there was no hearing on the post-sentence motion, during which Reid could have clarified his claims, it is unclear from the record before us whether or not these issues are the same. Due to our disposition, we will give Reid the benefit of the doubt and find his issue is preserved.

which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphases omitted); *see also* Pa.R.A.P. 2119(f).

Reid "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

In his Rule 2119(f) statement, Reid contends the trial court abused its sentencing discretion by failing to consider the mandatory sentencing factors under Section 9721(b), namely personal history, character, and rehabilitative needs. *See* Appellant's Brief, at 18. Notably, Reid does not assert his sentence is excessive. Rather, the essence of Reid's Rule 2119(f) statement seems to be that the court simply should have imposed a lesser sentence after considering the available information.

"[A]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors is, in effect, a request that this Court substitute its judgment for that of the lower court in fashioning [an

appellant]'s sentence." ***Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002). "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (citation omitted). This Court continued in ***Swope***, though, and explained that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." ***Id.*** (citation omitted). A substantial question has been found where the above claim is raised in conjunction with a general excessiveness claim or an excessiveness claim due to the imposition of consecutive sentences. ***See, e.g., Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (finding a substantial question was presented where Appellant challenged "the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs ...."). Neither of those claims are raised here.

However, while not asserted directly as a substantial question, Reid does insinuate that the court's sentence was based solely on the seriousness of the offense. ***See*** Appellant's Brief, at 16 ("Consequently, based solely on the seriousness of [] Reid's crimes [], the [t]rial [c]ourt sentenced him in the aggregate, to 30-90 months' incarceration."); ***see also id***. at 17 (citing to a case for the proposition that a claim that a court's sentence focused solely on

- 5 -

the seriousness of the offense raises a substantial question). "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors [has been found to] raise[] a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (citations omitted). While the proper raising of this claim is somewhat tenuous, giving Appellant the benefit of the doubt, we will address the merits of his claim.

Our standard of review of a sentencing challenge is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

As Reid admits, his sentence is within the standard range of the sentencing guidelines. Accordingly, to succeed on this claim, Reid had to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here.

Reid argues the trial court failed to consider the factors in Section 9721(b). In fashioning its sentence, a trial court must consider "the protection of the public, the gravity of the offense [on] the victim and [ ] community,

- 6 -

and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). Here, the trial court considered all relevant information, including reviewing a mitigation report, and not just one, but two PSIs.

The trial court also explained its reasons for its sentence on the record. The trial court indicated repeatedly that it was troubled by Reid's apparent inability to conform to the law noting that Reid continued to get involved with "[g]uns and drugs." N.T. Sentencing Hearing, 5/17/23, at 22.

We find Reid's representation that the court failed to consider personal history, character, and rehabilitative needs when fashioning his sentence belied by the record. The court did not "simply ignore" the mitigation evidence as Reid asserts. Appellant's Brief, at 26. Throughout his appellate brief, Reid

emphasizes the court's statement that "[t]here's nothing mitigating about this case" and seems to insinuate that this is the only comment the court made on the matter. Appellant's Brief, at 9, 16, 22. The sentencing transcript shows the court and defense counsel spent a good amount of time going back and forth on whether or not the mitigating evidence should influence the sentence. *See* N.T. Sentencing Hearing, 5/17/23, at 10-15. The court made it clear it was aware of the mitigation evidence but was not "particularly moved by the mitigation report" and did not find mitigating factors were applicable due to Reid's apparent inability to conform to the law based on numerous drug and gun offenses. *Id*. at 10; *see also id*. at 15 ("He's pedaling the poison for profit. He's got extensive interaction with the law").

The defense emphasized that Reid had been undergoing rehabilitation and was showing signs of improvement, including no longer selling drugs and being gainfully employed in the two years since the case started. *See id*. at 10-15. Reid seems to think the court refused to account for this. This is inaccurate. The court was clearly aware of this information but simply did not view it or weigh it in the same way the defense did. Rather, the court noted that Reid had not sold drugs in two years because he had been under the supervision of the Renewal Center—a drug rehabilitation center—due to this case. *See id*. at 14. Further, the court noted that although he was not charged, Reid was nevertheless kicked out of the center due to being found with contraband. *See id*. at 11-13.

As the trial court in this case had the benefit of a PSI report, two in fact, combined with the trial court's consideration of a mitigation report, the sentencing guidelines, and the seriousness of the offense, we conclude that it considered all relevant sentencing factors. Reid has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Reid's issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

9/6/2024